IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael A. Dukes, Sr., ) <br> *also known as* Michel A. Dukes, Sr., and ) <br> Michael Andre Dukes, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> Willie L. Eagleton, *Warden*, ) <br> ) <br> Respondent. ) <br> _____) | C/A No. 0:15-4269-DCN-PJG <br><br><br> **REPORT AND RECOMMENDATION** |

The petitioner, Michael A. Dukes, Sr. ("Petitioner"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915. This Petition is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without requiring the Respondent to file a return.

**I.     Factual and Procedural Background**

Petitioner indicates that he is serving an eighteen-year sentence for trafficking in crack cocaine. (ECF No. 1 at 1.) Petitioner states that the sentence was imposed subsequent to a conviction in the Horry County Court of General Sessions on August 9, 2005. (Id.) This is the fifth habeas corpus action filed by Petitioner in this court challenging this 2005 Horry County conviction and sentence. Petitioner's first § 2254 petition resulted in summary judgment in favor of the Respondent. See Dukes v. Padula, C/A No. 0:11-819-JFA (D.S.C. Jan. 4, 2012) (finding claims procedurally defaulted and granting summary judgment to the Respondent). Petitioner has also filed

three additional habeas petitions challenging this same conviction and sentence, which the court summarily dismissed as successive petitions.  See Dukes v. Eagleton, C/A No. 0:14-4216-DCN (D.S.C. Jan. 13, 2015); Dukes v. McCall, C/A No. 0:13-157-JFA (D.S.C. June 4, 2013); Dukes v. McCall, C/A No. 0:12-3445-JFA (D.S.C. June 4, 2013).

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions.  Erickson v. Pardus, 551 U.S. 89 (2007).  *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal



district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

"[A]n individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); see also 28 U.S.C. § 2244(b). Thus, a petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit before this court may consider a second or successive § 2254 petition. See Gonzalez v. Crosby, 545 U.S. 524, 530 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions."); see also In re Williams, 330 F.3d 277 (4th Cir. 2003). The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. See Rodriguez v. Johnson, 104 F.3d 694, 697 n.1 (5th Cir. 1997); Simmons v. South Carolina, C/A No. 6:14-4803-RBH, 2015 WL 2173233, at *4 (D.S.C. May 8, 2015) (adopting and incorporating Report and Recommendation).

As Petitioner provides no indication that he received such permission from the Fourth Circuit prior to filing this Petition, it is subject to summary dismissal. Petitioner can obtain the forms



necessary to seek authorization to file a second or successive habeas petition from the Clerk's Office of the Fourth Circuit Court of Appeals.

## III. Conclusion

Accordingly, the court recommends that the instant Petition for writ of habeas corpus be dismissed without prejudice and without requiring the Respondent to file a return.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 30, 2015
Columbia, South Carolina

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).